UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| VANESSA JONES, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | |
| | § § | JURY TRIAL DEMAND |
| DG FOODS, LLC, | § § | |
| Defendant. | § § § § | |

**ORIGINAL COMPLAINT**

Plaintiff VANESSA JONES ("Plaintiff"), by and through her attorneys, ELLWANGER HENDERSON LLLP, brings this action for damages and other legal and equitable relief from the Defendant's DG FOODS, LLC ("Defendant") violation of the laws proscribing discrimination based on race and sex.

**INTRODUCTION**

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of intentional discrimination and retaliation based on race and sex. Defendant's acts of discrimination are in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Louisiana Employment Discrimination Law, La. R.S. §§ 23:302 *et seq*. ("LRS") and any other causes of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*, as amended. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District. Venue is also proper under §706 of Title VII, 42 U.S.C. § 2000e-5(3)(f), in that the acts complained of herein, including unlawful employment practices, occurred within the federal District over which this Court has jurisdiction.

## PARTIES

3. At all relevant times, Defendant has continuously been and is now doing business in the State of Louisiana and has continuously had roughly six hundred employees.

4. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under § § 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h), and § 1981.

5. At the relevant times at which the discrimination alleged herein occurred, Plaintiff worked for Defendant in Bastrop, Louisiana.

6. At all relevant times, Plaintiff was an employee of Defendant as that term is defined in Title VII and § 1981.

7. Plaintiff is African American.

8. Plaintiff is female.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

9. Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. Plaintiff received a Notice of Right to Sue from the EEOC dated September 29, 2023, within ninety (90) days prior to the filing of this Complaint.

## FACTS UNDERLYING CLAIMS

11. Plaintiff was hired by Defendant as an Lineworker at the time its Bastrop, Louisiana Facility opened in 2011.

12. Despite being employed at Defendant for ten years, Plaintiff was given an annual salary less than white employees with less tenure and similar job duties.

13. While employed with Defendant, Plaintiff witnessed that Black female employees were not selected for promotions in favor of white selectees hired from the outside.

14. During a company shutdown in 2018, Black employees in management were laid off while white employees were retained. Upon returning to the facility after the shut-down in August 2018, Black employees who were subjected to the lay-off were hired back but with reduced pay. Upon information and belief, these reductions did not affect similarly situated white employees.

15. In or around April or May 2021, Plaintiff's supervisor, Gayla Sewell, a white female, informed management that she no longer wanted to work on the nightshift at the facility. Defendant quickly remedied Ms. Sewell's concerns despite the request of Plaintiff, a long-term employee, that she not be required to move to the night shift. Plaintiff was made to work Ms. Sewell's shift, and Ms. Sewell was given Plaintiff's shift due to her request.

16. The duties of Ms. Sewell were comparable to those of Plaintiff, yet Ms. Sewell held a higher title and higher pay.

17. Ms. Sewell was hired from the outside for her position, denying current qualified Black female employees promotional opportunities.

18. Plaintiff lodged multiple complaints with her supervisors concerning discrimination based on race and sex within the company. She complained to Plant Manager John White and Assistant Manager John James, as well as HR Manager Gene Bradford. Her complaints occurred from on or around September/October 2020 through April or May 2021.

19. During the time Plaintiff worked on the nightshift for Defendant, Plaintiff was working in the Production Superintendent I role. In this position, Plaintiff had the responsibility of ensuring effective production of products that were eventually sent to customers. In or around May 2022, Plaintiff pulled a "holding tag" that was present on a shipment of product. The holding tag was placed on the product due to potential contamination. After ensuring that the product itself was not contaminated, Plaintiff, as the only supervisor present, had the authority to pull the tag and cleared it for shipment. This action by Plaintiff was under her authority as Production Superintendent I and was not a violation of company policy.

20. Despite having full authority to pull the holding tag, Plaintiff was terminated for this action.

21. The purported reason for Plaintiff's termination is a pretext for discrimination.

## CAUSES OF ACTION

### COUNT I

**INTERSECTIONAL EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE AND SEX**
Title VII of the Civil Rights Act of 1964, as amended.
42 U.S.C. § 2000e, et seq.
*Terms and Conditions*

22. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

23. The conduct alleged herein violates Title VII as Defendant has subjected Plaintiff to intersectional discrimination including disparate treatment in the terms and conditions of her employment, including but not limited to promotion, salary and shift assignment, due to intersectional discrimination based on her status as a Black female.

24. Plaintiff's requests for relief are set forth below.

### COUNT II

**INTERSECTIONAL EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE AND SEX**
Title VII of the Civil Rights Act of 1964, as amended.
42 U.S.C. § 2000e, et seq.
*Termination*

25. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

26. The conduct alleged herein violates Title VII as Defendant has terminated Plaintiff based on intersectional discrimination due to her status as a Black female.

27. Plaintiff's requests for relief are set forth below.

## COUNT III

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RETALIATION**
Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. §§ 2000e, *et seq.*

28. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

29. Plaintiff lodged complaints with Defendant regarding the discrimination based on her race and sex to which she was subjected, and as such, engaged in protected activity under Title VII.

30. Defendant retaliated against Plaintiff by subjecting her to different terms and conditions of employment, including denial of promotions, difference in salary and disparate treatment in shift assignments, in retaliation for engaging in protective activity.

31. Defendant terminating Plaintiff in retaliation for engaging in protected activity.

32. But for engaging in protected activity, Plaintiff would not have been subjected to disparate terms and conditions of employment or been terminated.

33. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

34. Plaintiff's requests for relief are set forth below.

## COUNT IV

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
42 U.S.C. § 1981, et seq.
*Retaliation*

35. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

36. The conduct alleged herein violates 42 U.S.C. § 1981, *et seq.*, as Defendant has engaged in the practice of retaliation by subjecting Plaintiff to disparate treatment in the terms and conditions of her employment and by terminating Plaintiff in response to her complaints of race discrimination.

37. But for Plaintiff's engaging in protected activity, she would not have been terminated by Defendant.

38. Plaintiff's requests for relief are set forth below.

## COUNT V

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
42 U.S.C. § 1981, et seq.
*Terms and Conditions*

39. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

40. Defendant subjected Plaintiff to discrimination including disparate treatment in the terms and conditions of her employment, including but not limited to promotion, salary and shift assignment, due to discrimination based on her race, Black.

41. The conduct alleged herein violates the Civil Rights Act of 1866, 42 U.S.C. *§1981, et seq.*

42. Plaintiff's requests for relief are set forth below.

## COUNT VI

**EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE**
*42 U.S.C. § 1981, et seq.*
*Termination*

43. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. Defendant terminated Plaintiff based on her race, Black.

45. The conduct alleged herein violates the Civil Rights Act of 1866, 42 U.S.C.. §§1981, *et seq*.

46. Plaintiff's requests for relief are set forth below.

### COUNT VII

**EMPLOYMENT DISCRIMINATION BASED ON RACE AND SEX**
The Louisiana Employment Discrimination Law, La. R.S. § § 23:302 *et seq*.
*Terms and Conditions*

47. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

48. Defendant subjected Plaintiff to disparate treatment in the terms and conditions of her employment, including but not limited to promotion, salary and shift assignment, due to intersectional discrimination based on her race, Black, and sex, female.

49. Plaintiff's requests for relief are set forth below.

### COUNT VIII

**EMPLOYMENT DISCRIMINATION BASED ON RACE AND SEX**
The Louisiana Employment Discrimination Law, La. R.S. § § 23:302 et seq.
*Termination*

50. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

51. The conduct alleged herein violates the Louisiana Employment Discrimination Law, La. 48R.S. § 23:302, as Defendant terminated Plaintiff based upon her race, Black, and her sex, female.

52. Plaintiff's requests for relief are set forth below.

### COUNT IX

## EMPLOYMENT DISCRIMINATION ON THE BASIS OF RACE
La. R.S. § § 23:967
*Reprisal*

53. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

54. Plaintiff lodged complaints with Defendant regarding the discrimination based on race and sex to which she was subjected, and as such, disclosed workplace acts that are in violation of state law.

55. As a result of her complaints of discrimination, Plaintiff was subjected to discriminatory terms and conditions of employment and terminated from her position.

56. The conduct alleged herein violated La. R.S. § 23:967.

57. Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

58. Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

59. That the practices of the Defendant complained of herein be determined and adjudged to be in violation of the rights of Plaintiff under the federal and state laws identified above prohibiting discrimination and retaliation in employment;

60. That judgment be entered in favor of Plaintiff as set forth herein, and against Defendant, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiff;

61. That Plaintiff be awarded compensatory damages for her employment discrimination claims including for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

62. That Plaintiff be awarded punitive damages for discriminatory practices done with malice or with reckless indifference to the federally protected rights of Plaintiff;

63. That Plaintiff be awarded pre-and post-judgment interest;

64. That the Court award Plaintiff reasonable attorneys' fees and costs associated with this matter, including but not limited to expert fees and costs;

65. That the Defendant be ordered to require training regarding discrimination based upon race and sex, and discrimination based on retaliation.

66. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

67. That the Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully submitted,

_/s/Philip Bohrer_
Philip Bohrer (#14089)
phil@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

**COUNSEL FOR PLAINTIFF**